FOULSTON SIEFKIN LLP
1551 N. Waterfront Pkwy, Suite 100
Wichita, KS  67206
(316) 267-6371

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HENRY F. BUTLER             )
                            )
         Plaintiff,         )
                            )
v.                          )    Case No. 13-01043-EFM-KMH
                            )
THE BOEING COMPANY and      )
SPIRIT AEROSYSTEMS, INC.    )
                            )
         Defendants.        )
_____)

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

The Court should dismiss this action by Plaintiff Henry F. Butler ("Butler") with prejudice because Butler did not timely comply with the Court's order to file an amended complaint, even though the Court warned that noncompliance would result in dismissal.

**I.   The Court should dismiss this action with prejudice based on Butler's failure and continued refusal to file an amended complaint.**

Defendants moved to dismiss this action with prejudice because, despite this Court's warning that failure to file an amended complaint would cause his lawsuit to be dismissed, Butler never filed, and refuses to file, an amended complaint setting forth his individual claim(s).[1] Butler did not timely respond to this motion; however, in the April 1, 2014, Status Conference held before U.S. Magistrate Judge Karen M. Humphreys, it was agreed that one of Butler's other

_____

[1] Underscoring the need for an amended complaint to put Defendants on notice of the scope of his claims, Butler suggested during an April 1, 2014, Status Conference that, because his lawsuit was severed from the *Apsley* litigation, he ought to be allowed to raise any claims against Defendants that he wants, without any preclusive effect of the prior rulings in *Apsley*.

1

filings would be deemed his "response" to the Motion to Dismiss and that Defendants would file a Reply brief.[2] [Doc. 21] The Court subsequently entered "Pro Se Plaintiffs [sic] Response to the Courts [sic] Order to Proceed with Status Conference and to Provide Supporting Evidence as to Why Plaintiffs [sic] Request for Stay/Dismissal without Prejudice Should Be Granted" [Doc. 20] as Butler's response to the Motion to Dismiss [Doc. 22].

In that filing, Butler requested "to acquire a stay and or dismissal of the proceedings without prejudice in lieu of a dismissal for lack of prosecution; which, under the circumstances is inapplicable." [Doc. 22, 2] He wanted "the Court to allow [him] to decline participation in these proceedings; and protect/preserve his claims . . . until such time plaintiffs [sic] valid allegations [regarding discrimination in the legal system] have been acknowledged and addressed by a proper office of authority." [*Id.*] Butler argued that supposed systemic discrimination within the civil justice system prevents him from litigating his claims and justifies his refusal to participate in this litigation. [*Id.*]

Butler also addressed the potential dismissal of this action in "Pro Se Plaintiffs [sic] Response to the Courts [sic] Denial of his 'Motion to Reconsider'" [Doc. 19]. There, Butler responded to a warning from the Court that "if he declines participation in the case or declines to proceed with it, he risk [sic] the Court issuing an order requiring him to show why his case should be dismisses [sic] for lack of prosecution." [*Id.* at 1] He again insisted that systemic discrimination in the justice system precluded him from being adequately represented in this litigation "either pro se, or by counsel." [*Id.* at 2] Butler suggested it was "*in his best interest*" not to proceed in a tainted process and, accordingly, requested "a *just* ruling which considers

---

[2] The Status Conference was held to discuss Butler's motion for an indefinite stay of all proceedings. During the Conference, the parties agreed to a stay, but only until resolution of this Motion to Dismiss, as a ruling adverse to Butler would moot any remaining issues. [*See* Doc. 21]

plaintiffs [sic] valid numerous oppositions and protects his claims." [*Id.*] He proffered the alleged systemic discrimination as the "cause" for his decision not to participate in this litigation, and he requested that the Court "render a *final* ruling immediately for dismissal of plaintiff's claims either with or without prejudice; in lieu of an *inapplicable* dismissal for lack of prosecution" while he pursued "other remedies" to the alleged systemic discrimination. [*Id.* at 3]

During the Status Conference, the Court raised with Butler his failure to timely file an amended complaint and the potential dismissal of his lawsuit—either with prejudice (should the Court grant this Motion to Dismiss) or, potentially, without prejudice (by the parties' agreement). Butler was adamant that he could not and would not file an amended complaint without the assistance of counsel—even though "scores" of attorneys have refused to represent him in the nearly three years since class counsel withdrew its representation—and not until the "appearance" of systemic deficiencies in the justice system has been cured.

Butler's failure to file an amended complaint, as ordered by the Court on penalty of dismissal without prejudice is a deliberate and calculated decision to refuse to comply with the Court's order and to refuse to participate in this litigation. Notwithstanding his right to proceed pro se, Butler insists he will not file an amended complaint or otherwise participate in this litigation without representation, even though he admits no attorney would touch his case. And, even if he were represented by counsel, he further refuses to participate until some "proper office of authority" first addresses the injustices he perceives in the legal system. But no "other authority" has such power. And Butler has a duty to prosecute his claims; if he is unsuccessful, he has a right to appeal to the Tenth Circuit. But he has no right to file an action, litigate it for years at great expense to Defendants, but then refuse to prosecute his individual claim after losing all class claims on the merits.

3

Butler's blatant and absolute refusal to heed this Court's prior warnings by filing an amended complaint or otherwise participating in this litigation cannot be cured by any lesser sanction and is grounds to dismiss with prejudice. *See Rodriguez v. Colorado*, No. 12-1494, 521 Fed. Appx. 670, 671 (10th Cir. Mar. 22, 2013) (explaining that a court evaluating a motion to dismiss with prejudice should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions"). The Court therefore should dismiss this action with prejudice.

## II. Butler's request that the Court preserve his right to refile at any time in the future must be rejected.

The Court cannot, as Butler suggested at the Status Conference, dismiss Butler's lawsuit without prejudice while "protecting" his ability to refile at some later time, because any such action would be untimely. Judge Humphreys cautioned that a voluntary dismissal without prejudice might subject Butler to the consequences of a statute of limitations, limiting his ability to refile in the future. Butler responded that he understood the statute of limitations issues and that he believed he could get around them by invoking some exception. Warren Pyles, who has a companion case pending in this Court, No. 13-01047, and who appeared at the same Status Conference and who is making the same arguments as Butler, suggested that the Court prospectively rule that he and Butler be allowed to voluntarily dismiss their lawsuits now and, without reservation or limitation, to refile their claims at any time in the future. Noting this was an "unheard of remedy," Judge Humphreys explained that there were too many variables for the Court to cloak them with a guarantee of any future right to refile their claims and that the propriety of any future action would be determined once it had been filed.

4

Unlike a dismissal with prejudice, "a dismissal without prejudice would not normally bar a plaintiff from refilling his or her complaint." *Rodriguez v. Colorado*, No. 12-1494, 521 Fed. Appx. 670, 672 n.2 (10th Cir. Mar. 22, 2013). But where the statute of limitations has run, a dismissal without prejudice "would nonetheless be putting an end to [plaintiff's] case," and is "treat[ed] . . . as a dismissal with prejudice." *Id.* at 671-72.

In this case, the statute of limitations has long run on Butler's ADEA claim against Defendants. A civil action under the ADEA must be brought within 90 days after notice by the EEOC of the plaintiff's right to sue. 29 U.S.C. § 626(e). Claims not filed during this 90-day window are barred as untimely. *Logan v. Cox Communs. Kan., LLC*, No. 10-3182, 407 Fed. Appx. 305 (10th Cir. Jan. 13, 2011). The EEOC gave Butler notice of his right to sue on September 19 and September 29, 2005, more than 8.5 years ago.[3] The 90-day window has long passed, and any attempt to refile the claims in this litigation would be time-barred.

The existence of the present action against Defendants in no way extends this 90-day limitations period. "It is hornbook law that, as a general rule, a voluntary dismissal without prejudice leaves the parties as though the action never had been brought." *Brown v. Hartshorne Public School Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (Title VII and Section 1983 claims). Thus, "the limitation period is not tolled during the pendency of the dismissed action."

Butler's unsupported argument at the status conference that he believes there is an exception to the statute of limitations that will protect his claims is evidence that a dismissal without prejudice may give rise future litigation over these same claims. Defendants should not be required to defend the same claims years from now where there is no valid argument that the

---

[3] A copy of Butler's EEOC charges and the subsequent right-to-sue letters, which triggered the 90-day limitations period, were previously filed as an exhibit to the Defendants' summary judgment briefing in *Apsley*. *See Apsley*, Ex. 13, Doc. 190-5, at 11-15.

statute of limitations has not run. If Butler wants to prosecute his pending claims, he must do so in this lawsuit. But, given Butler's stated refusal to file an amended complaint or otherwise advance this litigation, notwithstanding the Court's prior warning that such noncompliance would result in the dismissal of his claim, the Court should dismiss this action with prejudice, ending this litigation once and for all.

## CONCLUSION

Butler has had ample time to file an amended complaint setting forth his individual claim, but he has chosen not to file one. Defendants respectfully request that the Court dismiss his case.

    Respectfully submitted,

    FOULSTON SIEFKIN LLP
    1551 N. Waterfront Pkwy, Suite 100
    Wichita, KS 67206

    s/ **Trisha A. Thelen**
    James M. Armstrong, #09271
    jarmstrong@foulston.com
    Trisha A. Thelen, #12418
    tthelen@foulston.com
    Telephone: (316) 267-6371
    Facsimile: (316) 267-6345
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2014, I electronically filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** with the Clerk of the Court by using the CM/ECF system.  A copy of this response will be sent via US Mail to:

Henry F. Butler
4119 Brooks St.
Wichita, KS 67220

s/  Trisha A. Thelen
   Trisha A. Thelen