## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HENRY F. BUTLER,

    *Plaintiff,*

vs.

                                    Case No. 13-1043-EFM-KMH

THE BOEING COMPANY and
SPIRIT AEROSYSTEMS,

    *Defendants.*

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 9). Defendants The Boeing Company and Spirit Aerosystems seek dismissal of Plaintiff Henry Butler's age discrimination disparate treatment claim for Butler's failure to comply with a court order. The Court ordered Butler to file an amended complaint by February 25, 2013. Butler has failed to do so. Therefore, the case is dismissed without prejudice.

### I. Factual and Procedural Background

In January 2013, Magistrate Judge Karen M. Humphreys granted a motion to sever nine individual claims of age discrimination disparate treatment from the *Apsley v. Boeing* class action. The order directed the clerk to assign new docket numbers for nine individual lawsuits, including a new docket number for Plaintiff Henry Butler. The magistrate ordered Butler and the other eight severed plaintiffs to file amended complaints using their new case numbers by

February 25, 2013. The order indicated that a failure to file an amended complaint by the deadline may result in dismissal. Five days before the deadline, Butler and another severed plaintiff, Warren Pyles, filed identical motions to stay the case and for dismissal. In March 2013, the Court ordered the other seven individual lawsuits dismissed without prejudice for failure to file an amended complaint. In February 2014, the Court denied Butler's motion to stay (Doc. 7).

Defendants then filed the Motion to Dismiss (Doc. 9) at issue here. In March 2014, Butler filed a second motion to stay, which was granted in part to stay discovery pending resolution of the Defendants' Motion to Dismiss. Butler also filed a Motion for Reconsideration of the denial of the first motion to stay, which the Court denied in March 2014.

## II. Legal Standard

Under Federal Rule of Civil Procedure 41(b), if a plaintiff fails to comply with a court order, a defendant may move to dismiss the action. Unless the dismissal order states otherwise, such a dismissal operates as an adjudication on the merits.[1]

## III. Analysis

There is no dispute that Butler has failed to file an amended complaint as ordered by the Court. Therefore, the case must be dismissed. The remaining issue is whether to dismiss with or without prejudice. Butler has resisted filing an amended complaint without counsel and has requested a stay or dismissal without prejudice so that he can obtain counsel. Defendants advocate dismissal with prejudice because of Butler's refusal to file an amended complaint or advance this litigation and their desire to end this litigation once and for all (Doc. 24).

---

[1] FED. R. CIV. P. 41(b).

Federal Rule of Civil Procedure 41 allows a defendant to move to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[2] Unless the dismissal order states otherwise, a dismissal under Rule 42(b) "operates as an adjudication on the merits."[3] In other words, a dismissal for failure to comply with a court order is, by rule, generally with prejudice unless the dismissal order states otherwise. Here, even a dismissal without prejudice may operate as a dismissal with prejudice because the statute of limitations may have run on Butler's claim stemming from his employment in 2005.[4] Because dismissal with or without prejudice is a harsh remedy, the Court must consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[5]

The Court finds that Defendants have suffered a degree of prejudice because Butler has yet to file an amended complaint 17 months after the original deadline imposed by court order. Claims by seven other similarly situated plaintiffs severed from the class action were dismissed in March 2013. Defendants have expended time and resources responding to multiple motions to stay and still lack the benefit of an amended complaint to be on notice of Butler's allegations. Butler's failure to comply with a court order necessarily interferes with the effective administration of justice. The Court understands Butler's noncompliance is caused by a genuine desire not to proceed without counsel in an individual action that was created by the Court rather

---

[2] FED. R. CIV. P. 41(b).

[3] FED. R. CIV. P. 41(b).

[4] *See Rodriguez v. Colorado*, 521 Fed. Appx. 670, 671 (10th Cir. 2013) ("However, we treat a dismissal without prejudice as a dismissal with prejudice when the statute of limitations has run on the claims.").

[5] *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

than as a result of his own initiative. As a result, the Court finds that Butler is less culpable than a typical pro se plaintiff. But Butler still bears a degree of culpability for not following a court order after more than a reasonable amount of time to obtain counsel. Further, the Court warned Butler that dismissal of the action would be the likely sanction for noncompliance.[6] Butler asks for a lesser sanction, dismissal without prejudice, and a ruling to protect or preserve his claims.

Because of Butler's lesser degree of culpability and the availability of a lesser sanction, the Court dismisses this case without prejudice. This is consistent with the Court's treatment of seven similarly situated pro se plaintiffs who had their claims dismissed without prejudice. As for the request to protect or preserve his claims, Butler has not cited any legal authority—nor is the Court aware of any—for such a ruling. Additionally, whether the statute of limitations has actually run is an issue for another time if Butler decides to refile his lawsuit.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED** without prejudice.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[6] *Apsley v. Boeing*, No. 05-1368, Memorandum and Order, Doc. 459, at 2.